UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JASON EDWARD LEE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1217-JDT-cgc |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On September 24, 2020, Plaintiff Jason Edward Lee, Sr., who is incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on September 28, 2020, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendant as the Tennessee Department of Correction (TDOC). Lee also attempts to sue unidentified employees (designated only as "C/O, Cpl's, Sgt's, Lt's & Cpts" and "Security & I.A") at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, where he was formerly incarcerated. (ECF No. 1 at PageID 2.)

In his complaint, Lee alleges:

In Sept 2016 I.A. at N.W.C.C. placed me on Protective Custody. I was placed in the mental health program. I never signed, agreed to, or was even informed I was taken off P.C. in Sept 2019[.] I was placed in general population. I begged I.A. & several security official[s] to be back on P.C. They wouldn't even talk to me even

> though its [sic] all on file.  I had a break down & was harassed, got in trouble & placed on max because I wasn't on P.C.

(*Id.*)  Lee seeks unspecified monetary damages and wants the staff held accountable and for them to be fired or properly trained.  He states "[t]he whole system needs to be evaluated & procedures made easier to be placed on P.C." and asks to "be kept safe for the rest of my remaining incarseration [sic]."  (*Id.* at PageID 3.)  The Court construes the request to evaluate and change the TDOC procedures pertaining to protective custody as a request for injunctive relief.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make

2

a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Lee filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Lee's claims against the TDOC and any claims against TDOC employees in their official capacities must be treated as claims against the State of Tennessee itself. However, Lee cannot state a valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend.

3

XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with official-capacity claims for prospective injunctive relief against any TDOC employee, Lee must allege that the State of Tennessee was responsible for the violation of his constitutional rights because of a practiced custom or policy. *Kentucky v. Graham*, 473 U.S. 159, 16-67 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that to establish the requisite causal link between constitutional violation and policy, a

plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). Even if Lee had identified any particular TDOC employee, his bare request for evaluation and changes to the procedures regarding the granting of protective custody is inadequate to allege that a State policy was the "moving force" behind the alleged violation of his rights.

With regard to Lee's individual-capacity claims against unidentified employees at the NWCX, his claims that they failed to protect him arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, "the prison official must know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837-38.

Lee alleges that he was returned to the general population after being taken out of protective custody and the mental health program. Though he "begged" unidentified individuals to put him back in protective custody, they allegedly refused to talk to him. Thereafter, he had a breakdown,

was harassed, and got in trouble, which resulted in his being "placed on max." (ECF No. 1 at PageID 2.) Lee does not state what he actually told these individuals or explain how they otherwise would have known that not letting him go back into protective custody would put his health or safety at substantial risk.[1] His allegations, therefore, are insufficient to state an Eighth Amendment claim for failure to protect.

Moreover, as stated, Lee has not identified any specific individual who allegedly failed to protect him. Even if Lee's allegations stated a claim, service of process cannot be made on unidentified parties, and the filing of a complaint against such unknown defendants does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). In order to proceed against these unnamed individuals, Lee must identify them and file an amended complaint within the one-year limitations period set out in Tennessee Code Annotated 28-3-104(a)(1)(B).

For the foregoing reasons, Lee's complaint fails to state a claim on which relief may be granted and is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). However, leave to file an amended complaint is GRANTED.

**Any amended complaint must be filed within twenty-one days after the date of this order.** Lee is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without

---

[1] The fact that Lee contends it was "all on file" is not a sufficient allegation that any specific person actually knew what was in his file.

reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amendment. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Lee fails to file an amended complaint within the time specified, the Court will dismiss this case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE